**NOT FOR PUBLICATION**

JUN 17 2019

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 18-15462 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-00030-JCM-PAL |
| v. | |
| CONSUMER DEFENSE, LLC, Nevada limited liabilty company; CONSUMER LINK, INC., Nevada corporation; BENJAMIN R. HORTON, in his individual and corporate capacity, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| PREFERED LAW, PLLC, Utah professional limited liability company; AMERICAN HOME LOAN COUNSELORS, Utah limited liability company; CONSUMER DEFENSE GROUP, LLC, FKA Modification Review Board, LLC, Utah limited liability company; CONSUMER DEFENSE, LLC, Utah limited liability company; BROWN LEGAL, INC., Utah corporaton; AM PROPERTY MANAGEMENT, LLC, Utah limited liability company; FMG | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PARTNERS, LLC, Utah limited liability company; ZINLY, LLC, Utah limited liability company; JONATHAN P. HANLEY, in his individual and corporate capacity; SANDRA X. HANLEY, in her individual and corporate capacity; AMERICAN HOME LOANS, LLC, Utah limited liability company,

Defendants-Appellants,

_____

THOMAS W. MCNAMARA,

Receiver-Appellee.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

Before: RAWLINSON, WATFORD, and FRIEDLAND, Circuit Judges.

Defendants-Appellants Consumer Defense, LLC, a Utah limited liability company, Preferred Law, PLLC, a Utah professional limited liability company, American Home Loan Counselors, a Utah corporation, Consumer Defense Group, LLC, a Utah limited liability company, Brown Legal, Inc., a Utah corporation, AM Property Management, LLC, a Utah limited liability company, FMG Partners, LLC, a Utah limited liability company, Zinly, LLC, a Utah limited liability

2

company, Jonathan P. Hanley, Sandra X. Hanley, and American Home Loans, LLC, a Utah limited liability company (collectively, the Consumer Defense Defendants) appeal the district court's order entering a preliminary injunction freezing all the Consumer Defense Defendants' assets and enjoining the Consumer Defense Defendants from engaging in various practices taken in violation of the Federal Trade Commission Act, 15 U.S.C. § 45, and Regulation O, 12 C.F.R. Part 1015 - Mortgage Assistance Relief Services (the MARS Rule).  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

The Consumer Defense Defendants first contend that the district court procedurally erred by entering the preliminary injunction without making a determination that personal jurisdiction existed.  However, "[t]o rule on the preliminary injunction is necessarily to make a judgment as to the question of jurisdiction."  *al-Kidd v. Ashcroft*, 580 F.3d 949, 979 (9th Cir. 2009), *rev'd on other grounds*, 563 U.S. 731, 744 (2011); *see also Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134 (9th Cir. 2005), *as amended* (The issue of personal jurisdiction implicates "the district court's *authority to rule* on a party's motion for a preliminary injunction") (citation and internal quotation marks omitted) (emphasis in the original).  In any event, we review whether the district court had personal jurisdiction over the defendants *de novo*.  *See Axiom Foods, Inc. v.*

3

*Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). We conclude that the district court properly exercised personal jurisdiction pursuant to the nationwide service of process provision in the FTC Act. *See* 15 U.S.C. § 53(b); *see also Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (explaining that "when a statute authorizes nationwide service of process, national contacts analysis is appropriate") (citation and alteration omitted).

"In such cases, due process demands a showing of minimum contacts with the United States," meaning that "the defendant has acted within any district of the United States or sufficiently caused foreseeable consequences in this country." *Id.* (citations, alteration, and internal quotation marks omitted). The Consumer Defense Defendants do not dispute that they conducted a loan modification business in Utah. This activity was sufficient "national contact" to establish personal jurisdiction over the Consumer Defense Defendants. *See id.* (concluding that "a Virginia professional corporation operating in the United States" had minimum national contacts).

Contrary to the Consumer Defendants' second argument, the scope of the asset freeze did not constitute an abuse of discretion. *See Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) ("An overbroad injunction is an abuse of discretion.") (citation omitted). "A court has the power to issue a

4

preliminary injunction to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988) (citation omitted). The district court had a thorough understanding of the case and was cognizant of the value of the assets available for possible disposition. By entering an asset freeze, the court "preserve[d] the status quo in order to protect the possibility of [an] equitable remedy." *F.T.C. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982). Nor did the court abuse its discretion by freezing assets outside the forum state. An asset freeze is not an attachment, and its issuance is not subject to the requirements of Rule 64 of the Federal Rules of Civil Procedure. *See id.* Therefore, state law territorial limits of attachment were inapplicable. *See id.*

**AFFIRMED.**[1]

---

[1] We address the interplay between the irreparable harm standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) and the theory of implied irreparable harm in an opinion filed contemporaneously with this disposition.